UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:16-cr-20685-GAYLES/TURNOFF

UNITED STATES OF AMERICA

v.

NAVIN SHANKAR SUBRAMANIAM
XAVIER,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Navin Shankar Subramaniam Xavier's *pro se* Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion") [ECF No. 109].[1] The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, Defendant's Motion is denied.

## BACKGROUND

Defendant is a 49-year-old incarcerated at Federal Correctional Institution Allenwood Low ("FCI Allenwood Low") in Allenwood, Pennsylvania with a projected release date of June 25, 2029. On May 16, 2017, the Court sentenced Defendant to concurrent terms of imprisonment of 180 months for eight counts of wire fraud in violation of 18 U.S.C. § 1343. [ECF No. 81], *amended by* [ECF No. 88]. The Court also sentenced Defendant to concurrent terms of supervised release of three years for all eight counts. *Id.* On April 30, 2020, Defendant filed his first motion for

---

[1] The Court liberally construes the Motion because Defendant proceeds *pro se*. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("[Courts] liberally construe *pro se* filings . . . ." (citation omitted)).

1

modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). [ECF No. 99]. On July 23, 2020, the Court denied the request. [ECF No. 102].

In the instant Motion, Defendant again seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant alleges that he "is suffering from irreparable physical condition and severe functional impairment, vulnerable to severe consequences from COVID-19 were he to remain in prison, and [is] deserving of a sentence modification in light of the 18 U.S.C. 3553(a) factors . . . ." [ECF No. 109 at 2]. Specifically, Defendant states that he "underwent a 'routine' surgical procedure (circumcision) under the hospice of [the Bureau of Prisons], the surgery resulted in mutilation of [Defendant's] penis by several inches, creation of a hypospadias condition and a permanent deformation of his penis rendering him severe physical condition and severe functional impairment." *Id.* at 6. Defendant also cites emotional distress and anxiety because of the surgical procedure. *Id.* at 8. Defendant states that he exhausted his administrative remedies prior to filing this Motion by requesting compassionate release from the Warden of FCI Allenwood Low on May 6, 2021, which was denied on May 13, 2021. *Id.* at 5, 24–25.

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

The Government argues that the Motion should be denied because: (1) Defendant fails to establish an extraordinary and compelling reason warranting his release and (2) Defendant poses a danger to public safety. The Government does not dispute that Defendant properly exhausted his administrative remedies as to this Motion. *See* [ECF No. 112 at 5 n.4]. The Court finds that Defendant's Motion fails on the merits and therefore shall be denied.

While the Court is sympathetic to the effects of Defendant's surgical procedure, he fails to meet his burden of showing "extraordinary and compelling reasons" that warrant his release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). The application notes of § 1B1.13 of the United States Sentencing Guidelines Manual provide four categories of "extraordinary and compelling reasons" that may

3

warrant release: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; or (4) other reasons "[a]s determined by the Director of the Bureau of Prisons . . . ." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1. Because § 1B1.13 "governs all motions under Section 3582(c)(1)(A) . . . [,] district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (quoting *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021)). "Thus, . . . the only circumstances that can rise to the level of extraordinary and compelling reasons for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13." *Id.*

Here, Defendant alleges that his severe physical condition, functional impairment, and emotional distress and anxiety because of his surgical procedure warrants his compassionate release. [ECF No. 109 at 6, 8]. However, Defendant fails to meet his burden of showing "extraordinary and compelling reasons" warranting his release because he fails to provide proof that his medical condition places him at a higher risk of contracting COVID-19. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Similarly, Defendant does not allege that his health is deteriorating.[2] *See, e.g.*, *United States v. Siler*, No. 14-CR-20116, 2021 WL 5989080, at *2 (S.D. Fla. Dec. 17, 2021) (defendant failed to provide medical records or allege deteriorating health); *United States v. Muñoz*, No. 16-CR-20050, 2020 WL 7496524, at *2 (S.D. Fla. June 24, 2020) (defendant failed to detail medical conditions, allege deteriorating health, or provide medical records); *United States v. Dicks*, No. 2:16-cr-109-FTM-38CM, 2020 WL 2731025, at *2 (M.D. Fla. May 26, 2020); *United States v. Benitez*, No. 2:14-cr-124-FTM-38MRM, 2020 WL 2487853, at *2 (M.D. Fla. May 14,

---

[2] As the Government aptly notes, Defendant's cited medical condition is not identified as a heightened risk factor for contracting COVID-19. [ECF No. 112 at 12–13 n.8]. *See also People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention (Dec. 14, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 10, 2022).

2020) (defendant failed to provide medical records or allege deteriorating health). Additionally, the Government notes that Defendant has received both doses of the COVID-19 vaccine. [ECF No. 112 at 11–12]. *See also Benefits of Getting a COVID-19 Vaccine*, Ctrs. for Disease Control & Prevention (Jan. 4, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited Jan. 10, 2022) ("COVID 19-vaccines [sic] are effective and can reduce the risk of getting and spreading the virus that causes COVID-19."). Because Defendant fails to show that his medical conditions are "extraordinary and compelling reasons" warranting his compassionate release, his Motion shall be denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Navin Shankar Subramaniam Xavier's *pro se* Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), [ECF No. 109], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of January, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE